**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DALE CARTER, INC., d/b/a** | § | |
| **CARTER APPRAISAL SERVICE** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:07CV394-LG-JMR** |
| | § | |
| **SPECIALTY CLAIM SERVICES, INC.** | § | |
| **AND SPECIALTY GROUP, INC.** | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS**

**THIS MATTER IS BEFORE THE COURT** on the Motion to Dismiss for Lack of

Personal Jurisdiction, Improper Venue, and *Forum Non Conveniens* [3] filed by Defendants

Specialty Claim Services, Inc. and Specialty Group, Inc (collectively referred to as "Specialty").

Plaintiff has responded to the Motion, and Specialty has replied. Upon reviewing the

submissions of the parties and the relevant law, the Court finds that Specialty's Motion should be

granted.

FACTS

On November 6, 2005, Carter Appraisal Service and Specialty Claims Services, Inc.

entered into a contract in which Carter Appraisal Service agreed to supply adjusters to evaluate

storm damage claims that were assigned to Specialty by the Mississippi Windstorm Underwriting

Association. (Ex. 1 to Pl.'s Compl.) Carter Appraisal Service is a trade name used by Plaintiff

Dale Carter, Inc., which is an Arkansas corporation that has its principal place of business in

Little Rock, Arkansas. (*See* Pl.'s Compl.; Ex. A to Defs.' Reply). Specialty is a Florida

corporation with its principal place of business in Winter Park, Florida. The contract provided

that Specialty was to pay "all fees directly to Carter Appraisal Service, Inc., 3105 Clinton Road,

North Little Rock, AR 72118." (Ex. 1 to Pl.'s Compl.) However, Plaintiff contends that it

accepted payment from Specialty on two occasions at Carter Appraisal Service's office in

Mississippi. (Ex. 2 to Pl.'s Resp. at 2). The parties do not dispute that all of the claims adjusting

provided for in the contract was to be performed in South Mississippi. On March 7, 2007,

Plaintiff filed this lawsuit against Specialty, seeking payment for work it claims it performed

pursuant to the contract with Specialty. However, Specialty contends that Plaintiff is not entitled

to payment because it did not perform the work for which it seeks to recover. Specialty has filed

a Motion to Dismiss for lack of personal jurisdiction, improper venue, and *forum non*

*conveniens*.

**DISCUSSION**

When a district court rules on a motion to dismiss for lack of personal jurisdiction

without an evidentiary hearing, the plaintiff must only make a *prima facie* case that jurisdiction is

proper. *Quick Tech., Inc. v. Sage Group, PLC*, 313 F.3d 338, 343 (5th Cir. 2002). In

determining whether a *prima facie* case for personal jurisdiction exists, a Court must accept the

uncontroverted allegations in the plaintiff's complaint as true, and all factual conflicts contained

in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d

213, 217 (5th Cir. 1990).

A federal court sitting in diversity may exercise personal jurisdiction only to the extent

allowed a state court under applicable state law. *Allred v. Moore & Peterson*, 117 F.3d 278, 281

(5th Cir. 1997). "A state court or a federal court sitting in diversity may assert jurisdiction if: (1)

the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is

satisfied under the fourteenth amendment to the United States Constitution." *Allred*, 117 F.3d at

-2-

281 (*quoting Cycles, Ltd. v. W. J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir. 1989)).

Mississippi's long-arm statute, which consists of three prongs– the contract prong, the tort prong, and the doing business prong–  provides:

> Any nonresident . . . corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

MISS. CODE ANN. § 13-3-57.  Plaintiff argues that Specialty is subject to personal jurisdiction pursuant to all three prongs of the Mississippi long-arm statute.  However, the contract prong and the doing business prong generally are not available to plaintiffs that are not residents of Mississippi.  *Smith v. Dewalt Prods. Corp.*, 743 F.2d 277, 279 (5th Cir. 1984).  Nevertheless, the Mississippi Supreme Court has held that corporations that have qualified to do business in Mississippi are entitled to the same privileges and advantages under the long-arm statute as resident corporations.  *C.H. Leavell & Co. v. Doster*, 211 So.2d 813, 814 (Miss. 1968); *see also St. Paul Fire & Marine Ins. Co. v. Paw Paw's Camper City, Inc.*, 346 F.3d 153, 156 (5th Cir. 2003).  MISS. CODE ANN. §79-4-15.03 provides that a foreign corporation may apply for a certificate of authority to conduct business in Mississippi by delivering an application to the Secretary of State.  Plaintiff has not submitted evidence that it is authorized to conduct business in the state of Mississippi.  Plaintiff asserts that it is qualified to do business in Mississippi because its trade name, Carter Appraisal Service, is licensed in adjusting by the Mississippi Department of Insurance.  The United States District Court for the Southern District of

Mississippi has previously addressed the issue of whether a company that is licensed in Mississippi but not qualified to do business is entitled to the same rights as resident corporations, explaining:

> As is readily seen, the point of *Doster*, and hence of *St. Paul*, is that a foreign corporation which has qualified to do business in the state has the same rights and privileges as a resident corporation, and is for that reason considered a resident for purposes of the long-arm statute, and the borrowing statute. In contrast, foreign corporations which have not qualified to do business in Mississippi do not enjoy the same rights and privileges as a resident corporation. Consequently, there is no reason for treating such a corporation as a resident.

*Vahle v. Williams*, No. 3:06cv188-LN, 2006 WL 2516548 at *2 (S.D. Miss. Aug. 29, 2006) (citations omitted). As a result, the Court held that a foreign company that is licensed in Mississippi but has not qualified to conduct business in Mississippi is not entitled to the same rights and privileges as resident corporations. *Id.* Therefore, since Plaintiff is not authorized to conduct business in Mississippi, it is not entitled to bring a lawsuit under the contract or doing business prong of the long-arm statute.

Plaintiff has asserted a tortious breach of contract claim, and thus, it also relies on the tort prong of the long-arm statute, which provides: "Any nonresident . . . corporation not qualified under the Constitution and laws of this state as to doing business herein . . . who shall commit a tort in whole or in part in this state against a resident or nonresident of this state . . . shall thereby be subjected to the jurisdiction of the courts of this state." *See* MISS. CODE ANN. § 13-3-57. Under Mississippi law a tort occurs "where and when the actual injury takes place." *Moore Video Distrib., Inc. v. Quest Entm't*, 823 F. Supp. 1332, 1338 (S.D. Miss. 1993). Specialty asserts that the alleged tort– Specialty's failure to pay Carter for the work allegedly performed under the contract– was committed in Arkansas, because the contract provided that Specialty was

to pay "all fees directly to Carter Appraisal Service, Inc., 3105 Clinton Road, North Little Rock,

AR 72118." (Ex. 1 to Pl.'s Compl.)  However, Plaintiff contends in an affidavit that it accepted

payment from Specialty on two occasions at Carter Appraisal Service's office in Mississippi.

(Ex. 2 to Pl.'s Resp. at 2).  As a result, Plaintiff argues that the parties implicitly agreed by their

conduct that future payments could be made in Mississippi, and strict compliance with the

payment provision in the contract was waived.  "To establish a waiver, there must be shown an

act or omission on the part of the one charged with the waiver fairly evidencing an intention

permanently to surrender the right alleged to have been waived." *Union Planters Bank v.

Rogers*, 912 So. 2d 116, 119 (¶8) (Miss. 2005)(citing *Ewing v. Adams*, 573 So. 2d 1364, 1369

(Miss. 1990)).  The affidavit of Dale Carter, Jr., which was submitted by Plaintiff in support of

its assertion of waiver, provides:

> Jeffrey Kaiser [an employee of Specialty] also personally appeared at Carter's
> office in Gulfport, Mississippi, on two occasions and there made payments to
> Carter for work performed by Carter.  On behalf of Carter, I accepted these
> payments.  The remaining payments were made to the office of Carter in North
> Little Rock, Arkansas.  That office is the principal office of Carter.

(Ex. 2 to Pl.'s Resp. at 2).  The affidavit does not indicate that Plaintiff intended to permanently

surrender its right to payment at its principal place of business in North Little Rock, Arkansas,

particularly since only two payments were made in Mississippi and the remaining payments were

made in Arkansas.  As a result, Plaintiff has not demonstrated that it waived its right to payment

in Arkansas.  Since the contract clearly provided that payment was to be made in Arkansas, the

Court finds that the alleged failure to pay Plaintiff occurred in Arkansas.

Therefore, since Plaintiff is a non-resident of Mississippi and has not demonstrated that

Specialty committed a tort in whole or in part in this state, Plaintiff has not set forth a *prima facie*

case that this Court has jurisdiction over Specialty.  As a result, the Court finds that it cannot

exercise personal jurisdiction over Specialty.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [3]

filed by Defendants Specialty Claim Services, Inc. and Specialty Group, Inc. is **GRANTED**.

This lawsuit is hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 23rd day of August, 2007.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE